**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 10-CR-121

RONALD L. JOHNSON,

    Defendant.

---

# ORDER

On October 28, 2010, Magistrate Judge William E. Callahan, Jr. issued a Recommendation (Docket #20) on two motions filed by defendant Ronald L. Johnson ("Johnson"). Johnson moved for dismissal of the indictment for violation of the Speedy Trial Act. He also moved for suppression of evidence as well as a Franks hearing. The magistrate judge recommended that both motions be dismissed, and Johnson objects only to that portion which recommends denial of the Speedy Trial Act motion and the request for a Franks hearing. The court reviews *de novo* that portion of the recommendation to which the defendant objects. 28 U.S.C. § 636(b)(1).

**I.**     **SPEEDY TRIAL ACT**

As the magistrate judge properly noted, the relevant portion of the Speedy Trial Act states that,

> The trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The judge continued to explain that Johnson complained of a ninety-three-day delay between the filing of the indictment on June 22, 2010, and his arraignment on September 23, 2010, resulting in an alleged violation of the Act. Johnson renews that complaint in his objection, offering the same argument that the Act requires trial within seventy days of indictment, with an additional ten-day allowance for transportation. As the magistrate judge correctly determined, Johnson's reading of the Act ignores that the speedy trial date runs from the *later* of indictment or appearance before a judicial officer. Because Johnson's first appearance before a judicial officer in this district occurred at his arraignment on September 23, 2010, after the date of indictment, the date of arraignment controls. Seventy days have not yet passed from September 23, 2010, and thus the Speedy Trial Act has not been violated. The court will adopt the magistrate judge's recommendation and deny the motion to dismiss the indictment.

## II.   FRANKS HEARING

Johnson's second motion sought suppression of all evidence gathered as a result of a search warrant that he alleges was supported by an affidavit containing a false statement. The magistrate judge recommended the court deny the motion,

and Johnson objects only to denial of his request for a Franks hearing regarding the evidentiary basis of the motion.

Where a defendant alleges that an affidavit supporting a warrant contains false statements such that the warrant would lack probable cause, an evidentiary hearing may be held to determine the veracity of the statements. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). However, such hearing is required only where a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Id.* As the magistrate judge noted, the focus is "not whether the affidavit contains a false statement, but whether the affiant knew or should have known that a statement was false." *United States v. Schultz*, 586 F.3d 526, 531 (7th Cir. 2009).

The magistrate judge found that Johnson's argument rested on the fact that he was not in Milwaukee during a seventy-two-hour period and, as such, the affidavit contained a false statement by asserting that a confidential informant was present at Johnson's home and observed a drug transaction during that period. The judge recommended denying the motion on the basis of Johnson's lack of a substantial preliminary showing that he was in fact out of town and, more importantly, failure to show that the affiant knew the falsity of, or had reason to question, the informant's statement.

Despite Johnson's additional arguments in his objection, the magistrate judge is correct. Though the affiant police officer conducted surveillance during the period in question, Johnson does not make an offer of proof that the surveillance was uninterrupted and, therefore, the affiant at least should have known that Johnson was not in town. Johnson also argues in his objection that the affiant saw nothing more during two months of surveillance than the defendant entering and exiting the residence, and that this does not amount to suspicious activity. That argument reveals that Johnson's real bone to pick is with the reliability of the confidential informant. But, in either case, Johnson makes no offer of proof, let alone the "substantial" showing necessary to trigger a Franks hearing. As such, the magistrate judge's recommendation is correct and the court will adopt it in denying the motion for suppression and a Franks hearing.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge William E. Callahan, Jr.'s October 28, 2010 Recommendation (Docket #20) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that the defendant's Motion for Dismissal Due to Speedy Trial Violation (Docket #16) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the defendant's Motion to Suppress Evidence and Request for Evidentiary Hearing (Docket #17) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge